IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENDALL C. RICHARDSON, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT KEVIN KAUFMANN, et al. | : | |
| Respondents, | : | NO.  15-6362 |

## REPORT AND RECOMMENDATION

LINDA K.  CARACAPPA
UNITED STATES CHIEF MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated at State Correctional Institution Smithfield in Huntingdon, Pennsylvania.  For the following reasons, it is recommended that the petition be STAYED and held in ABEYANCE.

I.      PROCEDURAL HISTORY

On June 1, 2009, following a jury trial in the Court of Common Pleas of Leigh County, petitioner was convicted of first degree murder, attempted homicide, robbery and recklessly endangering another person.  (CP-39-CR-0000217-2008).  On July 14, 2009, petitioner was sentenced to a term of life imprisonment.  Id.

Petitioner filed a direct appeal, and on April 11, 2011, the Superior Court affirmed the judgment of sentence.  Id. at 28.  On October 17, 2011, the Supreme Court of Pennsylvania denied *allocatur*.  Id.

On March 22, 2012, petitioner filed a *pro se* petition under the Post Conviction Relief Act (PCRA) 42 Pa. C.S. § 9541, et seq.  See Court of Common Pleas of Leigh County Docket, CP-39-CR-0000217-2008, at 29.  Counsel was appointed and filed an amended PCRA

1

petition.  Id. at 29-31.  On June 6, 2012, an evidentiary hearing was held.  Id. at 32.  On July 13,

2012, the Court of Common Pleas dismissed the PCRA petition.  Id.  Petitioner filed a notice of

appeal in the Superior Court.  Counsel filed a petition for remand requesting a new PCRA

hearing because the recording of the original PCRA hearing had been lost and no transcript of

the hearing had been completed.  On April 30, 2013, the Superior Court remanded the record to

the PCRA court for ninety (90) days for petitioner to proceed in accordance with Pa.R.A.P. 1923.

Id. at 34.  On November 13, 2013, the PCRA court, along with petitioner, PCRA counsel and the

Commonwealth, "recreated" the record from the PCRA hearing held on June 6, 2012.  See Resp.

to Pet. for Writ of Habeas Corpus, 3/24/16, at 5.

      The recreated record was forwarded to the Superior Court.  See Court of

Common Pleas of Leigh County Docket, CP-39-CR-0000217-2008, at 35.   Appointed counsel

was withdrawn as counsel and new PCRA counsel was appointed.  Newly appointed counsel

filed a no merit letter pursuant to Commonwealth v. Finely, 550 A.2d 213 (Pa. Super. 1988).[1]

On September 26, 2014, the Superior Court affirmed the denial of the PCRA petition.  See

Commonwealth v. Richardson, No. 2204 EDA 2012 (Pa. Super. 2014).  According to the

criminal docket for the Superior Court of Pennsylvania, petitioner filed an application for

reconsideration/reargument on October 6, 2014, and an application for remand on November 5,

2014.  See Superior Court of Pennsylvania Appeal Docket Sheet, Docket No. 2204 EDA 2012, at

4.  The Superior Court denied petitioner's application for remand on November 12, 2014, and

denied the application for reargument/reconsideration on November 26, 2014.  Id.   There is

---

[1] Pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), appointed counsel in a post-conviction proceeding may be given leave to withdraw upon the submission of a "no-merit" letter that details the nature and extent of counsel's review of the case, lists each issue the petitioner wished to have reviewed, and explains counsel's assessment that the case lacks merit.  The court must also conduct an independent review of the record and must agree with counsel that the petition is meritless before dismissing the petition.

nothing on the Superior Court docket to confirm that the November 12, 2014 and November 26, 2014 denials were mailed to the petitioner on the date they were decided by the Superior Court. The Superior Court's September 26, 2014 decision affirming the denial of petitioner's PCRA petition was not docketed in the Court of Common Pleas of Leigh County until January 23, 2015. See Court of Common Pleas of Leigh County Docket, CP-39-CR-0000217-2008, at 36.

On August 21, 2015, petitioner filed a second *pro se* PCRA petition. Id. On August 28, 2015, the PCRA court issued a letter of intent to dismiss pursuant to Pa.R.Crim.P. 907(1), and dismissed the petition on September 21, 2015. Id. at 37. Petitioner filed a notice of appeal, which is currently pending in the Pennsylvania Superior Court.

On November 23, 2016, petitioner filed the instant pro se petition for Writ of Habeas Corpus.[2] Petitioner raises the following claims:

1) Ineffective assistance of trial counsel for failing to object to the use of out-of-court statements at trial;
2) Newly discovered evidence that petitioner's constitutional rights were violated when petitioner was unjustifiably restrained through the use of the R-E-A-C-T control system;
3) Ineffective assistance of counsel throughout the entire judicial proceeding; and
4) Trial and appellate court erred in failing to grant petitioner's Batson challenge.

Additionally, petitioner requested a stay of the instant proceedings while petitioner attempts to exhaust his claims in the Superior Court of Pennsylvania. See Habeas Pet., Exh. 1. As of the date of this Report and Recommendation, April 29, 2016, the Superior Court of Pennsylvania Docket shows that plaintiff's PCRA appeal is currently pending. See Superior Court of Pennsylvania Appeal Docket Sheet, Docket No. 3073 EDA 2015. Respondents contend

---

[2] Although the habeas petition was not docketed by this court until November 27, 2015, (Doc. 1), the "mailbox rule" applies. Under the "mailbox rule," a pro se prisoner's habeas petition is considered filed on the date the prisoner delivers the complaint to prison authorities for filing. See Houston v. Lack, 487 U.S. 266, 276 (1988). Here, petitioner signed his petition on November 23, 2015 so we will presume that he also delivered it to authorities for filing on that date.

petitioner's open PCRA petition includes claims identical to those asserted in the instant habeas petition, thus petitioner must pursue the claims in the state court first.  See Resp. to Habeas Pet. at 8.   Respondents state, however, they would not oppose a stay of the instant proceeding under Rhines v. Weber, 544 U.S. 269 (2005), pending the exhaustion of petitioner's post-conviction appeal.  See id. at 9.  For the reasons that follow, we recommend the instant petition be placed in abeyance until the resolution of the pending state court proceedings.

II.	DISCUSSION

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise by any available procedure the question presented.  28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350 (1989).  In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies.  O'Sullivan, 526 U.S. at 845.  To satisfy the exhaustion requirement, a petitioner must present his claims to both the trial court and the Pennsylvania Superior Court; review by the Pennsylvania Supreme Court is not necessary.  See Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004).

Here, a review of the Pennsylvania Superior Court docket sheet indicates petitioner's appeal is still pending in the Pennsylvania Superior Court.  See Superior Court of Pennsylvania Appeal Docket Sheet, Docket No. 3073 EDA 2015.  The state court record was not forwarded to the undersigned due to petitioner's pending PCRA appeal in the Superior Court. Petitioner and respondents both indicate that petitioner's claim of newly discovered evidence that petitioner's constitutional rights were violated when petitioner was unjustifiably restrained

through the use of the R-E-A-C-T control system is currently pending before the Superior Court.

Thus, petitioner's newly discovered evidence claim would be unexhausted.  Petitioner argues

that the fourth claim at bar, of trial and appellate court error in failing to grant petitioner's <u>Batson</u>

challenge, was exhausted on direct appeal, leaving petitioner's habeas petition a mixed petition,

with both exhausted and unexhausted claims.  However, again, this court does not have the

benefit of the state court record to confirm that petitioner's <u>Batson</u> challenge claim was

exhausted on direct appeal.  Based on petitioner's habeas petition and respondents' answer

thereto, it appears to this court that a number of petitioner's claims are unexhausted.

        Additionally, a strict one-year time limitation on the filing of new petitions is set

forth in the federal habeas statute, 28 U.S.C. § 2241, <u>et seq.</u>, which was amended under the Anti-

Terrorism and Effective Death Penalty Act ("AEDPA"), enacted on April 24, 1996.  Under

section 2244(d)(1), the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (1996).

        This statute also creates a tolling exception, which notes "[t]he time during which

a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing."  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).  If a petitioner files an out-of-time application and the state court dismisses it as time-barred, it is not deemed to be a "properly filed application" for tolling purposes.  Merrit v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

Under the PCRA, a petitioner must file for PCRA relief within one year of the date the judgment becomes final.  42 Pa. Cons.Stat. Ann. §9545(b)(1).  For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court and Pennsylvania Supreme Court, or at the expiration of time for seeking such review.  Id.  §9545(b)(3).

On direct appeal, the Pennsylvania Supreme Court denied petitioner's petition for allowance of appeal on October 17, 2011.  As petitioner's judgment became final on January 16, 2012, he had until January 16, 2013, to file a timely PCRA petition.  See 42 Pa. Cons.Stat. Ann. § 9545(b)(3) (judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review); United States Supreme Court Rule 13(1) ("A petition for writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.")

Petitioner filed his first PCRA petition on March 22, 2012.  The filing of petitioner's first PCRA petition tolled the one-year statute of limitations under the AEDPA.

6

Respondents' answer to the instant habeas petition indicates that the Superior Court affirmed the PCRA court's denial of petitioner's first PCRA petition on January 23, 2015.  However, a review of the Superior Court docket sheet shows that the Superior Court actually affirmed the PCRA court's denial of petitioner's first PCRA petition on September 26, 2014.  See Commonwealth v. Richardson, No. 2204 EDA 2012 (Pa. Super. 2014).  According to the Superior Court docket sheet, petitioner then filed an application for reconsideration/reargument on October 6, 2014, and an application for remand on November 5, 2014.  See Superior Court of Pennsylvania Appeal Docket Sheet, Docket No. 2204 EDA 2012, at 4.  The Superior Court denied petitioner's application for remand on November 12, 2014, and denied the application for reargument/reconsideration on November 26, 2014.  Id.  The undersigned cannot determine if petitioner's motions were permissible filings, which may have continued to toll petitioner's one-year statute of limitations under the AEDPA.  This court cannot make a determination on the issue of whether petitioner's motions would have continued to toll petitioner's habeas statute of limitations, however, even if the court assumes the motions did continue tolling the statute of limitations and petitioner then had until December 26, 2014, thirty days after the denial of petitioner's motions, to file a timely petition for allowance of appeal in the Pennsylvania Supreme Court, petitioner's instant habeas petition may still be untimely.  Petitioner's habeas statute of limitations would have start to run on December 27, 2014 and petitioner then had 300 days remaining to file timely habeas petition.  Petitioner would have had until October 26, 2015, to file a timely habeas petition.  The instant habeas petition was not filed until November 23, 2015.

Petitioner filed a second PCRA petition on August 21, 2015.  As explained supra, petitioner had until January 16, 2013, to file a timely PCRA petition.  Although, according to

petitioner, the pending PCRA petition raises a newly discovered evidence claim, it appears as though the PCRA court dismissed petitioner's second PCRA petition as untimely.  See, Superior Court of Pennsylvania Appeal Docket Sheet, Docket No. 3073 EDA 2015, at 3.  If the Superior Court affirms the PCRA court's denial of petitioner's second PCRA petition, that petition will not be considered properly filed and will not have tolled petitioner's one year statute of limitations under AEDPA.   Thus, petitioner's instant habeas petition may be found to be untimely.

   As noted above, respondents do not oppose a stay of the instant proceedings pending disposition of petitioner's second PCRA petition in the state courts.   A habeas petitioner must first exhaust in state court all of the claims he wishes to present in federal court.  28 U.S.C. § 2254(b)(1).  When a district court is faced with a petition containing unexhausted claims, the court may dismiss it pursuant to Rose v. Lundy, 455 U.S. 509 (1982), or stay it, holding it in abeyance while the petitioner exhausts any unexhausted claims in state court.  See Heleva v. Brooks, 581 F.3d 187, 190-92 (3d Cir. 2009).  Because a stay and abeyance can undermine the purposes of the exhaustion requirement and the statute of limitations, however, a stay may only be granted "in limited circumstances."  Rhines v. Weber, 544 U.S. 269, 277, 125 S.Ct. 1528, 161, L.Ed.2d 440 (2005).  A stay is only appropriate where a district court determines: (i) there was "good cause" for petitioner's failure to exhaust his claims in state court; (ii) petitioner's claims are not "plainly meritless"; and (iii) petitioner has not engaged in "abusive litigation tactics or intentional delay."  Id., 544 U.S. at 277-278.  Whether to stay a petition under Rhines is discretionary with the district court, guided by the timeliness concerns at issue.  See id. at 277-78.

   The court is unable to adequately review the timeliness of petitioner's instant

habeas petition without the benefit of the state court records, and briefing from respondents and petitioner on the issue.  If the state court record reveals that petitioner's instant habeas petition is in fact timely, petitioner would most likely have limited time to refile a timely habeas petition. In an abundance of caution, it is recommended that petitioner's instant petition be stayed and held in abeyance pending the outcome of petitioner's state court proceedings.

Therefore, we make the following:

<u>RECOMMENDATION</u>

AND NOW, this 29th day of April 2016, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be STAYED and held in ABEYANCE while petitioner exhausts his state claims.  Further, there is no probable cause to issue a certificate of appealabilty.

Additionally, petitioner is instructed to notify the court in writing within 45 days of any court disposition of petitioner's currently pending second PCRA petition.

BY THE COURT:


 _/S LINDA K. CARACAPPA_____
LINDA K. CARACAPPA
UNITED STATES CHIEF MAGISTRATE JUDGE