UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

KENDALL C. RICHARDSON,          :
        Petitioner,     :
    v.                          :   No. 5:15-cv-6362
                                :
KAUFFMAN et al.,                :
        Respondents.    :
_____

MEMORANDUM
Motion for Reconsideration, ECF No. 15 - Granted
Report and Recommendation, ECF No. 13 - Approved and Adopted

**JOSEPH F. LEESON, JR.**                                              June 27, 2016
**United States District Judge**

I.   Introduction

On November 27, 2015, Petitioner Kendall Richardson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction on June 1, 2009, in the Court of Common Pleas of Lehigh County of first degree murder, attempted homicide, robbery, and recklessly endangering another person, and his July 14, 2009 sentence to a term of life imprisonment.  On April 29, 2016, Magistrate Judge Linda K. Caracappa issued a Report and Recommendation ("R&R") discussing the apparent untimeliness of the petition, but recommending that the habeas corpus petition be stayed and held in abeyance while Petitioner exhausts his state claims.  *See* Report and Recommendation, ECF No. 13.  Specifically, Petitioner filed an appeal from the PCRA court's dismissal of his second PCRA petition, which remains pending in the Pennsylvania Superior Court.  *Id.* 7-8 (citing Superior Court of Pennsylvania Appeal Docket Sheet, Docket No. 3073 EDA 2015).  After Petitioner failed to

timely file objections to the R&R, this Court adopted the R&R and stayed the proceedings. *See* Order dated May 20, 2016, ECF No. 13.

Subsequently, on May 25, 2016, after the time for filing objections had expired, the Court received Petitioner's objections to the R&R. ECF No. 14. On June 3, 2016, Petitioner filed a Motion for Reconsideration of Report and Recommendation, ECF No. 15, asking this Court to consider his objections as timely filed. In light of Petitioner's pro se status and the date Petitioner signed his objections, which was within the time for filing the same, the Motion for Reconsideration is granted. Nevertheless, after review of the objections, the Court will again adopt and approve the R&R and grant the motion to stay.

**II.     Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). Conversely, in the absence of objections, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C).

**III.    Analysis**

The R&R outlines the procedural history of Petitioner's underlying state court action. Petitioner does not object to this timeline. After review, this Court adopts these findings.

Petitioner does object to the tolling analysis in the R&R.  *See* ECF Nos. 14-15.  He claims that the September 26, 2014 decision of the Pennsylvania Superior Court affirming denial of his PCRA petition was not docketed in the Court of Common Pleas of Lehigh County until January 23, 2015, and that this later date, and not the date the decision was issued, should control for purposes of the time tolled in filing a habeas corpus petition.  He does not make any argument that his second PCRA petition, filed on August 21, 2015, acts to toll the limitations period.

Even if this Court accepts Petitioner's dates for the tolling calculation, his habeas corpus petition is untimely.  Between January 23, 2015, and the date the habeas corpus petition was filed on November 27, 2015, 308 days elapsed.  But, an additional 70 days had already elapsed between the time judgment became final on January 13, 2012,[1] and the date the first PCRA petition was filed on March 22, 2012.  When this additional time is added, a total of 378 days elapsed before the instant habeas corpus petition was filed, which is beyond the one-year period of limitations.  *See* 28 U.S.C. § 2244(d).

However, as the R&R correctly concluded, this Court cannot determine whether any time should also be tolled based on the filing of Petitioner's second PCRA petition on August 21, 2015, as that matter is still pending in the Pennsylvania Superior Court.  *See* 28 U.S.C. § 2244(d)(2) ("The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") (emphasis added).  Petitioner's

---

[1] "[A] state court criminal judgment is 'final' (for purposes of collateral attack) at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires." *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999).  Here the Supreme Court of Pennsylvania denied allocatur on October 17, 2011.  Petitioner did not seek certiorari in the United States Supreme Court.

objections do not relate to Judge Caracappa's recommendation that this matter be stayed pending exhaustion.  After review, the Court adopts the R&R and grants Petitioner's request for a stay and abeyance.

      A separate Order follows.

                                       BY THE COURT:

                                       */s/ Joseph F. Leeson, Jr.*
                                       JOSEPH F. LEESON, JR.
                                       United States District Judge