UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENDALL C. RICHARDSON, : <br> Petitioner, : <br> : <br> v. : <br> : <br> SUPERINTENDENT KEVIN KAUFFMAN; : <br> THE DISTRICT ATTORNEY OF THE : <br> COUNTY OF LEHIGH; and : <br> THE ATTORNEY GENERAL : <br> OF THE STATE OF PENNSYLVANIA, : <br> Respondents. : | No. 5:15-cv-6362 |

**O P I N I O N**
**Report and Recommendation, ECF No. 24 – Adopted in Part and Not Adopted in Part, Remanded**

**JOSEPH F. LEESON, JR.**                                                             March 29, 2018
**United States District Judge**

## I. INTRODUCTION

Petitioner Kendall Richardson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Court of Common Pleas of Lehigh County of first degree murder, attempted homicide, robbery, and recklessly endangering another person, and his sentence to a term of life imprisonment. Chief Magistrate Judge Linda K. Caracappa issued a Report and Recommendation ("R&R") recommending that the habeas corpus petition be dismissed as untimely, to which Richardson filed objections. After de novo review, this Court finds that there is insufficient evidence in the record to determine when the proceedings for Richardson's first petition under Pennsylvania's Post-Conviction Collateral Relief Act, 42 Pa. C.S. §§ 9541-9551, ("PCRA") were complete, and remands the matter to the Magistrate Judge for further factual development and, if necessary, review of the merits of the habeas claims.

## II. BACKGROUND

The Magistrate Judge thoroughly discussed the procedural history of this case in the R&R and it will not be repeated herein. *See* R&R 1-4, ECF No. 24. *See also* ECF Nos. 11, 16, and 19. This Court repeats only the most relevant dates to the timeliness calculation and those dates Richardson contests in his objections.[1]

Richardson's sentence became final on January 16, 2012, at which time the one-year period of limitations for him to file a federal habeas petition began to run. *See* 28 U.S.C. § 2244(d)(1). This period stopped running sixty-five (65) days later on March 22, 2012,[2] when Richardson filed a timely PCRA petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Relief was denied by the PCRA court and, following appeal and recreation of the record, the Pennsylvania Superior Court issued an opinion on September 26, 2014,[3] affirming the PCRA court's decision. *See Commonwealth v. Richardson*, 2204 EDA 2012 (Pa. Super. Sept. 26, 2014).

---

[1] This Court has conducted de novo review of the R&R and all of Richardson's objections, but writes separately only to address certain objections. *See Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016) (holding that district courts are not required to make separate findings or conclusions when reviewing an R&R).

[2] Richardson objects to the determination that his PCRA petition was filed on March 22, 2012, as opposed to March 11, 2012, based solely on a typographical error in an order issued by the PCRA court. Objs. 6-8, ECF No. 27. The Magistrate Judge succinctly addressed this issue in footnote 4 of the R&R and this discussion is adopted and incorporated herein. *See* R&R 6 n.4. Furthermore, in his habeas corpus petition, Memorandum of Law in Support thereof, Objections to the first R&R, and Motion to Certify Interlocutory Order for Appeal, Richardson acknowledged that he filed his PCRA petition on March 22, 2012. *See* Hab. ¶ 11, ECF No. 1; Memo. 6, ECF No. 7; Objs. 2, ECF No. 14. Mot. Int. Appeal 5, ECF No. 18. This objection is therefore overruled.

[3] Richardson objects to the use of September 24, 2014, as the date that the Superior Court affirmed the denial of his PCRA petition. Objs. 8-15. This objection is discussed below.

On October 6, 2014, Richardson filed an Application for Reconsideration/Reargument in the Pennsylvania Superior Court, which was denied on November 26, 2014. By that date, the Superior Court had also denied his Application for Remand, which he had filed on November 5, 2014. The Superior Court remitted the record to the Court of Common Pleas of Lehigh County on January 15, 2015, and the Pennsylvania Superior Court's Order dated September 26, 2014, was docketed in the PCRA court on January 23, 2015.

The instant petition for writ of habeas corpus was filed on November 23, 2015.

In the R&R, the Magistrate Judge determined that because Richardson failed to file a petition for allowance of appeal with the Pennsylvania Supreme Court, the Superior Court's decision became final thirty days after the court denied Richardson's Application for Reconsideration/Reargument. R&R 6. The Magistrate Judge found that the one-year period of limitations for Richardson to seek federal habeas relief began running again at this time. *Id.* Considering the time that had expired before the PCRA petition was filed, the Magistrate Judge concluded that a timely federal habeas corpus petition would have to be filed by October 23, 2015. *Id.* Richardson's petition, however, was not filed until thirty-one days after this deadline.

## III. STANDARD OF REVIEW

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may

accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

## IV. ANALYSIS

Richardson objects to the Magistrate Judge's use of September 26, 2014, as the date that the Pennsylvania Superior Court affirmed the PCRA court's denial of relief. Richardson argues that because this opinion was not docketed in the Court of Common Pleas of Lehigh County until January 23, 2015, that the January date, as opposed to the September date, should be used in determining when his period of statutory tolling ended. *See* Objs. 8-15. Richardson cites for support Pennsylvania case law providing that the time for filing an appeal does not begin to run until the docket shows that the order has been entered and served on the party. *Id.* (citing *Yeaple v. Yeaple*, 402 A.2d 1022 (Pa. 1979); *Jara v. Rexworks Inc.,* 718 A.2d 788 (Pa. Super. Ct. 1998)). He also relies upon Pennsylvania Rule of Criminal Procedure 114, which states that the clerk of courts shall "promptly" make docket entries containing the date of receipt of the order in the clerk's office, the date appearing on the order, and the date of service. *See* Pa. R. Crim. P. 114. Richardson asserts that Pennsylvania Rule of Appellate Procedure 108 provides that the date of entry of an order is the day the clerk mails or delivers copies of the order to the parties, and that he never received the Superior Court's orders. Objs. 15. He further contends that because Rule 301(a)(1) of the Pennsylvania Rules of Appellate Procedure states that the time for filing an appeal does not begin to run until the order "has been entered upon the appropriate docket," the date of January 23, 2015, should be used to calculate the amount of time he had to file a federal habeas petition.[4] Objs. 15. In suggesting this date, however, Richardson asserts

---

[4] Rule 301states, ". . . no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa. R.A.P. 301(a)(1).

that the docket entry on January 23, 2015, fails to satisfy Rule 114 because it does not reflect the date and manner of service. Objs. 14-15.

The Magistrate Judge addressed some of Richardson's arguments in this regard, finding:

> . . . within ten days of the Superior Court decision being entered on the Superior Court docket, petitioner filed a motion for reconsideration/reargument of that decision on October 6, 2014. It is evident to the court that petitioner was informed of the Superior Court decision at the time it was made, September 2014. If petitioner had not been aware of the Superior Court decision, petitioner would not have known to motion for reconsideration of said decision.

R&R 3 n. 2. Upon de novo review, this Court agrees with the Magistrate Judge's reasoning and conclusion. Nevertheless, because the same conclusion cannot be reached regarding the Superior Court's order dated November 26, 2014, denying the Application for Reconsideration/ Reargument, the matter will be remanded to the Magistrate Judge for further review.

In determining that the September 26, 2014 order was promptly delivered to Richardson, this Court rejects Richardson's argument that his Application for Reconsideration/Reargument and Application for Remand were not filed in response to the Superior Court's decision. *See* Objs. 10-14. This Court finds that the title of Richardson's Application for Reconsideration/ Reargument, alone, contradicts his suggestion that it was filed to address errors committed by PCRA counsel and the PCRA court. Further, when considering the Application for Reconsideration/Reargument, the Pennsylvania Superior Court ruled that "the application filed October 6, 2014, *request[ed] reargument of the decision dated September 26, 2014*." *See* Order dated November 26, 2014, *Richardson*, 2204 EDA 2012 (emphasis added). The timing of the motions, the first of which was filed only ten days after the Superior Court's opinion was issued, is also significant.

However, there are no such circumstances to show that the clerk of the court mailed to Richardson the Superior Court's Order dated November 26, 2014, denying the Application for

5
032918

Reconsideration/ Reargument. While Richardson's contention that the Superior Court's docket must reflect when the court's order was mailed is misplaced,[5] he is correct that an order is not considered entered until the clerk of the court "mails or delivers copies of the order to the parties," *see* Pa. R.A.P. 108(a).

The date of entry of an order is important because it triggers the appeal period. *See* Pa. R.A.P. 1113. Generally, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court." Pa. R.A.P. 1113(a). However, "[i]f a timely application for reargument is filed in the Superior Court. . ., the time for filing a petition for allowance of appeal for all parties shall run from the entry of the order denying reargument . . . ." Pa. R.A.P. 1113(a)(1). Accordingly, this Court must consider not only the date of the entry of the September 26, 2014 order, but also the date of the entry of the Superior Court's order of November 26, 2014, denying the Application for Reconsideration. Unfortunately, there is no notation in the Superior Court docket, although not required, showing when the November 26, 2014 order was mailed or delivered to the parties, nor is there any evidence in the record, either direct or circumstantial, establishing when the order was mailed or delivered.[6] Without such information, this Court cannot determine the date of

---

[5] Richardson cites *Yeaple* and *Jara* to support his argument that the Pennsylvania Superior Court docket must show when the orders were mailed, but both of these cases addressed the rules of civil procedure, not criminal procedure, and are therefore inapplicable. *See Yeaple v. Yeaple*, 402 A.2d 1022 (Pa. 1979) (considering the requirements for entry of a civil order under Pennsylvania's Rules of Appellate Procedure and of Civil Procedure); *Jara v. Rexworks Inc.,* 718 A.2d 788, 791 (Pa. Super. Ct. 1998) (same). To the extent that it is the decision of the Pennsylvania Superior Court, and not the trial court, that is at issue here, Richardson's reliance on Pennsylvania Rule of Criminal Procedure 114 to dictate how an order must be docketed is also misplaced. *See also* Pa. R.A.P. 108 (establishing specific docketing requirements for civil and criminal orders in the appellate courts, but only requiring the clerk to make a notation on the docket when notice is given for civil orders, not for criminal orders).

[6] *Compare* Superior Court letter dated August 30, 2016, Ex. G-3, ECF No. 18-1 (stating that the Superior Court's order dated August 30, 2016, was mailed to Richardson).

entry of the order denying reargument so as to calculate the 30-day period for Richardson to file a petition for allowance of review and the finality date of the PCRA petition. The matter is therefore remanded to the Magistrate Judge for further development and review.

Upon remand, if the Magistrate Judge can determine when the Pennsylvania Superior Court mailed or delivered its order denying reargument to Richardson, she may use that date in calculating timeliness.[7] *See Walker v. Walsh*, No. 3:10-CV-1718, 2011 U.S. Dist. LEXIS 13517, at *6-7 (M.D. Pa. Feb. 11, 2011) (rejecting the habeas petitioner's claim that the court should use the date on the Common Pleas' docket that the Pennsylvania Supreme Court denied his petition for allowance of appeal because the Pennsylvania Supreme Court's docket reflected when its decision was rendered and when the order was exited). However, if a specific determination cannot be made, the January 23, 2015 date should be used in calculating the timeliness of the habeas petition.[8] If necessary, the Magistrate Judge should also address on remand the merits of Richardson's habeas claims.

This Court recognizes that January 23, 2015, is also not the official "date of entry of the order" because the Common Pleas' docket fails to satisfy Rule 114 of the Pennsylvania Rules of Criminal Procedure. However, Richardson admits that he had notice of the Superior Court's rulings by this date and made no subsequent attempt to file a petition for allowance of appeal. *See Commonwealth v. Freeman*, Nos. 1509 WDA 2016, 1583 WDA 2016, 2018 Pa. Super. Unpub. LEXIS 492, at *10-11 (Feb. 15, 2018) (holding that while docketing failures can excuse

---

[7] Without rendering a decision at this time, this Court tends to agree with the Magistrate Judge that Richardson has not established extraordinary circumstances warranting equitable tolling. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.").

[8] Notably, Respondents assert that "[o]n January 23, 2015, the Pennsylvania Superior Court affirmed the PCRA court's denial of the defendant's PCRA petition." Resp. 6, ECF No. 8.

an untimely appeal, if the appellant has "actual notice of the order despite the procedural irregularities in formally entering the order on the docket," he cannot "later manufacture jurisdiction by raising a procedural flaw regarding the manner in which a docket entry was annotated"). *Accord Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. 2000) (holding that because there was no indication on the trial court's docket that the clerk furnished a copy of the court's order to the appellant that "the period for taking an appeal was never triggered"). Further, in light of the subsequent litigation in the Pennsylvania Superior Court, this Court has no reason to believe that the state courts would consider his first PCRA petition to still be pending or allow an appeal at this time. *See Freeman*, 2018 Pa. Super. Unpub. LEXIS 492, at *10-11. Additionally, it appears that Richardson has satisfied the exhaustion requirements to seek federal habeas review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Scheffler v. Carberry*, No. 18-cv-610, 2018 U.S. Dist. LEXIS 46525, at *6 (E.D. Pa. Mar. 20, 2018) ("In Pennsylvania, one complete round includes presenting the federal claim through the Superior Court on direct appeal or collateral review.").

## V. CONCLUSION

After de novo review, this Court finds that there is insufficient evidence in the record to determine how long Richardson's first PCRA petition was pending, which controls how long the one-year period of limitations to seek federal habeas review is statutorily tolled. The Magistrate Judge's conclusion that the habeas petition is untimely is therefore not adopted. This matter is

remanded to the Magistrate Judge for further factual development[9] and, if necessary, for review of the merits of the habeas claims.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[9] This Court defers to the discretion of the Magistrate Judge to determine whether an evidentiary hearing should be conducted or whether it may obtain the necessary information through supplemental documentary evidence. *See* 28 U.S.C. § 2254