UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENDALL C. RICHARDSON,<br>　　　　　Petitioner,<br><br>　　　v.<br><br>SUPERINTENDENT KEVIN KAUFFMAN;<br>THE DISTRICT ATTORNEY OF THE<br>COUNTY OF LEHIGH; and<br>THE ATTORNEY GENERAL<br>OF THE STATE OF PENNSYLVANIA,<br>　　　　　Respondents. | No. 5:15-cv-6362 |

**O P I N I O N**
**Report and Recommendation, ECF No. 32 – Adopted**

**JOSEPH F. LEESON, JR.**　　　　　　　　　　　　　　　　　　　　　　　　　　August 22, 2019
**United States District Judge**

**I.　　INTRODUCTION**

Petitioner Kendall Richardson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state murder conviction and life sentence. Chief Magistrate Judge Linda K. Caracappa issued a Report and Recommendation ("R&R") concluding that the habeas claims are meritless and/or procedurally defaulted. Richardson filed objections to the R&R. After de novo review, the R&R is adopted. For the reasons set forth below and in the R&R, the habeas corpus petition is denied and dismissed.

**II.　　BACKGROUND**

The factual and procedural background of this case has been discussed in several prior opinions and will not be repeated in detail here. *See, e.g.* Order, ECF No. 6; R&Rs, ECF Nos. 11, 24; Opinions, ECF Nos. 16, 29. In sum, on June 1, 2009, Richardson was convicted

following a jury trial in the Court of Common Pleas of Lehigh County of first-degree murder, attempted homicide, robbery, and recklessly endangering another person. He was sentenced to a term of life imprisonment. The conviction and sentence were affirmed on direct appeal. Richardson timely sought relief under Pennsylvania's Post-Conviction Collateral Relief Act, 42 Pa. C.S. §§ 9541-9551, ("PCRA"). PCRA relief was denied and that decision was affirmed on appeal. Richardson timely[1] filed the instant petition for writ of habeas corpus raising four claims. While the above-captioned case was pending, Richardson filed a second PCRA petition, which was dismissed by the state courts as untimely.

## III. STANDARD OF REVIEW

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

## IV. ANALYSIS

Richardson objects to the factual summary in the R&R, arguing that it is misleading. *See* Obj. 1-4, ECF No. 37. Significantly, the Magistrate Judge took this summary directly from the

---

[1] *See* R&R 6-8 (explaining that because there was nothing in the state court record indicating whether Richardson was given notice of the Pennsylvania Superior Court's decision denying his application for reargument until January 23, 2015, this date was used to determine the timeliness of the instant habeas petition).

PCRA opinion dated July 13, 2012. *See* R&R 1-3 (quoting PCRA Opn., ECF Nos. 10-5, 10-6). The factual summary is therefore presumed to be correct. *See* 28 U.S.C. § 2254(e)(1) (stating that "a determination of a factual issue made by a State court shall be presumed to be correct"). After de novo review, the Court does not find the summary to be misleading, let alone erroneous. *See Gibbs v. Diguglielmo*, No. 09-4766, 2015 U.S. Dist. LEXIS 1285, at *7-8 (E.D. Pa. Jan. 5, 2015) ("A petitioner faces a high hurdle in challenging the factual basis for a prior state-court decision rejecting a claim. The prisoner bears the burden of rebutting the state court's factual findings by clear and convincing evidence."). Moreover, many of the allegedly misleading facts cited by Richardson, such as whether the witness described the perpetrator during her first or her second interview with police, do not alter the Court's determination on the habeas claims. *See* 28 U.S.C. § 2254(d)(2) (providing that relief under § 2254 "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"); *Locke v. Kauffman*, No. 15-520, 2016 U.S. Dist. LEXIS 9269, at *8 (E.D. Pa. Jan. 26, 2016) (holding that a "decision adjudicated on the merits in a state court that is based on a factual determination will not be overturned on factual grounds unless deemed to be objectively unreasonable[2] in light of the evidence presented in the state court proceeding"). This objection is therefore overruled.

Richardson separates his remaining objections as they pertain to claim one, two, or three. This Court has conducted de novo review of the state and federal court records,[3] the R&R, and

---

[2] *See Locke*, 2016 U.S. Dist. LEXIS 9269, at *8 ("[A]n unreasonable factual determination occurs where a state court erroneously finds facts that lack any support in the record.").
[3] Certain state court records were reproduced and copies filed on the federal docket. *See* ECF No. 10. The remaining state court records were mailed to the Court. *See, e.g.* ECF Nos. 22,

3
082119

all of Richardson's objections, but writes separately only to address certain objections.[4] *See Hill*, 655 F. App'x. at 147 (holding that district courts are not required to make separate findings or conclusions when reviewing an R&R).

> A. **Richardson's ineffective assistance claim regarding trial counsel's failure to object to the use of out-of-court statements at trial is procedurally defaulted.**

The Magistrate Judge concludes that Richardson's first claim, alleging the ineffective assistance of trial counsel for failing to object to the use of out-of-court statements to refresh the recollection of witnesses, is procedurally defaulted.[5] *See* R&R 10-14. The R&R explains that although PCRA counsel did not fully brief this issue, it was considered by the PCRA court and rejected on the merits. However, because it was not raised on appeal to the Pennsylvania Superior Court from the denial of PCRA relief, a failure which *Martinez*[6] does not excuse, the

---

28, 31, 33. Where possible, the Court refers to the federal docket entry. All records have been reviewed.

[4] Not every objection to claims one and two are specifically discussed herein. Richardson's objections to claim three, which was denied on the merits, are also not separately analyzed. Any objections not specifically addressed herein are overruled for the reasons set forth in the R&R.

[5] In the habeas petition and supporting documents, Richardson alleged that the statements were hearsay, that the reports were not adopted, not contemporaneously recorded, and nonverbatim summaries, and that the allegedly inconsistent statements lacked any indicia of reliability. These arguments are consistent with the allegations raised in the *pro se* PCRA petition. Although the *pro se* PCRA petition also asserted trial counsel's ineffectiveness for failing to object to the testimony of Officer Torres regarding statements made by Melissa Guzman that did not appear in his report, this argument was presented in the *pro se* petition as a separate claim. This separate claim was also raised by PCRA counsel in the amended PCRA petition and fully briefed. *See* Am. PCRA ¶ 22(d), ECF No. 10-1; Mem. Supp. Am. PCRA 6, ECF No. 10-3. The claim was specifically addressed by the PCRA court, *see* PRCA Opn. dated July 13, 2012, at 9, 14, ECF Nos. 10-5, 10-6, and reviewed by the Pennsylvania Superior Court, *see Commonwealth v. Richardson*, No. 2204 EDA 2012, 2014 Pa. Super. Unpub. LEXIS 92, at *20 (Sep. 26, 2014). The claim was not, however, raised in the federal habeas petition. *See* R&R 11 n.5; ECF Nos. 1 and 7.

[6] *Martinez v. Ryan*, 566 U.S. 1, 16 (2012) ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective

4
082119

claim is procedurally defaulted. *See* R&R 14 ("*Martinez* can only excuse procedural default due to ineffective assistance of appeals counsel during 'initial-review collateral proceedings.'" (quoting *Martinez*, 566 U.S. at 16)).

In his objections, Richardson argues that the claim was not properly presented to the PCRA court because counsel's amended PCRA petition did not raise several issues he had included in the original *pro se* petition and, also, PCRA counsel completely failed to brief the claim.[7] *See* Objs. 5-7. Richardson contends that because the claim was not properly presented, the PCRA court should have required counsel to file a supplemental brief pursuant to Rules 902 and 905 of the Pennsylvania Rules of Criminal Procedure, but did not. *See id.* at 7-9. Richardson asserts that this obstructed him from exhausting the claim on appeal and excuses his procedural default. *See id.* at 9-13.

Initially, the Court notes that the alleged erroneous application by a state court of its own procedural rule "is not a cognizable claim on habeas." *Tillery v. Horn*, 142 F. App'x 66, 68 (3d Cir. 2005) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). It is also not grounds to excuse

---

assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective").

7        As discussed in footnote 5, *supra*, the first habeas claim (that trial counsel was ineffective for failing to object to the use of out-of-court statements to refresh the recollection of witnesses) did not include allegations relating to the testimony of Officer Torres regarding statements made by Melissa Guzman that did not appear in his report. Richardson's late attempt to include this issue as part of his argument supporting the first habeas claim, by raising it in his objections to the R&R, is inconsistent with his assertion that PCRA counsel was ineffective for failing to brief "Issue C," *see* Objs. 5, because the claim involving Officer Torres and Melissa Guzman was clearly identified in the amended PCRA petition as issue "d" and was fully briefed. Because Richardson did not raise this claim in any previous federal court filings, despite being advised more than two and a half years prior that pursuant to Local Rule 72.1.IV(c) "all issues and evidence shall be presented to the United States Magistrate Judge, and that new issues and evidence shall not be raised after the filing of the Report and Recommendation if they could have been presented to the United States Magistrate Judge," *see* Order dated Dec. 22, 2015, ECF No. 2, any such federal habeas challenge is untimely, *see* 28 U.S.C. § 2244(d).

procedural default. *See Tuten v. Tennis*, No. 06-1872, 2008 U.S. Dist. LEXIS 62386, at *11 (E.D. Pa. Aug. 13, 2008) (concluding that the habeas petitioner could not show cause for procedurally defaulting his claims by asserting that the state court misapplied its own procedural rules). The Court will next consider, as did the Magistrate Judge, whether PCRA counsel's ineffectiveness can excuse Richardson's procedural default in not raising the first habeas claim on appeal from the PCRA court.

In *Vaughter*, the court faced a similar situation to that presented here and concluded that the federal habeas claims were procedurally defaulted. *See Vaughter v. Lamas*, No. 12-493, 2013 U.S. Dist. LEXIS 186367, at *18-23 (E.D. Pa. June 28, 2013), *adopted by* 2014 U.S. Dist. LEXIS 38137, at *33 (E.D. Pa. Mar. 24, 2014). Vaughter alleged in his federal habeas petition that PCRA counsel failed to include four claims in an amended PCRA petition that were raised in the original *pro se* petition. Before a decision on the amended PCRA petition was issued, the petitioner filed a *pro se* motion to have his counseled PCRA petition amended to add these claims. But, in its final decision, the PCRA court only considered one of the additional claims and found it to be meritless. On appeal, the petitioner argued that PCRA counsel was ineffective for failing to litigate additional claims raised in the *pro se* petition. However, appellate counsel did not raise or argue the underlying claims; instead, appellate counsel only asserted PCRA counsel's ineffectiveness for failing to litigate said claims. Due to the inadequate briefing, the Pennsylvania Superior Court declined review of the claims. Because the claims were not considered on appeal, the federal habeas court concluded that they were procedurally defaulted. The district court determined that PCRA counsel's ineffectiveness was not the ultimate cause of the procedural default and that "[a]ny failings of Petitioner's appellate PCRA counsel would not qualify for the *Martinez* exception, which explicitly limited an excusable cause of procedural

default to ineffective assistance of counsel at the initial stage of collateral proceedings." *See Vaughter*, 2014 U.S. Dist. LEXIS 38137, at *33-35 and n.8.

Unlike the petitioner in *Vaughter*, Richardson did not even attempt to raise the underlying claim or PCRA counsel's ineffectiveness in the Pennsylvania Superior Court. It was this failure that caused the procedural default. *See Vaughter*, 2014 U.S. Dist. LEXIS 38137, at *34-35 n.8. Such default cannot be excused by *Martinez* because the exception the Court created does not apply to the ineffective assistance of appellate PCRA counsel. *See Martinez*, 566 U.S. at 16; *Thomas v. Ferguson*, No. 16-2484, 2017 U.S. Dist. LEXIS 114097, at *20-22 (E.D. Pa. July 20, 2017) (rejecting the habeas petitioner's argument that the ineffective assistance of state post-conviction appellate counsel could excuse procedural default under *Martinez*). Accordingly, for the reasons set forth in the R&R, the first habeas claim[8] is dismissed and Richardson's objections in this regard are overruled.

> **B.** **Richardson's habeas claim alleging trial court error and trial counsel's ineffectiveness regarding the use of a stun belt on Richardson during trial is procedurally defaulted.**

---

[8] In light of this Court's duty to liberally construe *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court has considered whether Richardson also asserted a violation of the Confrontation Clause. He does not specifically raise this claim in his federal habeas. More importantly, he did not present such a claim to the state courts. Therefore, a Confrontation Clause claim, if any, is procedurally defaulted and there is no basis to excuse default. *See Wright v. Wingard*, No. 17-135, 2018 U.S. Dist. LEXIS 205117, at *47-48 (E.D. Pa. Nov. 30, 2018) (recommending that the habeas petition be dismissed insofar as the Confrontation Clause claim is procedurally defaulted for petitioner's failure to present this claim to the state court). *See also United States v. Owens*, 484 U.S. 554, 558-59 (1988) (holding that the opportunity to cross-examine a witness, as guaranteed by the Confrontation Clause, "is not denied when a witness testifies as to his current belief but is unable to recollect the reason for that belief"); *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987) (holding that "the Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish" (internal quotations omitted)).

The Magistrate Judge concludes that Richardson's claim regarding the use of a stun belt at trial is procedurally defaulted because it was not raised until the second PCRA petition, which was dismissed as untimely. *See* R&R 14-20. The R&R discusses whether *Martinez* can excuse the default and explains, first, that *Martinez* is inapplicable to claims of trial court error. The Magistrate Judge further concludes that because Richardson was not prejudiced by trial counsel's failure to object to the use of the stun belt, the ineffectiveness claim cannot be excused by *Martinez*. The Magistrate Judge reasons that it was standard practice in Lehigh County to allow the Sherriff's Office to dictate that persons with Richardson's charges wear a stun belt, that the belt was never activated, and that there is no evidence the jury was aware of the stun belt under Richardson's clothing, that the use of the stun belt impacted Richardson's decision not to testify, or that Richardson could not participate in his trial. This, combined with the evidence of Richardson's guilt, led the Magistrate Judge to conclude that Richardson was not prejudiced by counsel's ineffectiveness. Accordingly, *Martinez* did not excuse the procedural default.

Richardson's objections regarding this habeas claim reveal that he misunderstood portions of the Magistrate Judge's reasoning, not that there was any error. For example, Richardson contends that the Magistrate Judge "argued that it could only review [the stun belt] claim under the second prong of *Martinez*." *See* Objs. 14. However, the R&R, after outlining both *Martinez* elements, states that it "must address the second prong of *Martinez* **at the outset**." *See* R&R 15 (emphasis added). Because Richardson could not satisfy the second element, the first element of the *Martinez* analysis necessarily failed and there was no need for the Magistrate Judge to then address the first element. In his objections, Richardson also mistakenly suggests that the Magistrate Judge determined that because he signed a waiver explaining the functionality of the stun belt, the waiver "somehow transcended the responsibility of trial

8
082119

counsel's obligation to provide effective assistance at trial." *See* Objs. 15. This suggestion completely ignores the Magistrate Judge's ineffectiveness analysis. *See* R&R 18-20. Similarly, Richardson's objection that the Magistrate Judge, by referring to "proper courtroom behavior," mistook his claim that the stun belt prevented him from effectively communicating with counsel as claiming that he was unable to speak with members of the courtroom ignores the Magistrate Judge's finding that there was nothing to support "petitioner['s] alleg[ation] that he could not participate in his trial as a result of the stun belt use." *See* R&R 19.

Richardson's remaining objections, which generally relate to the Magistrate Judge's analysis and conclusions, are overruled for the reasons set forth in the R&R. *See also United States v. Brantley*, 342 F. App'x 762, 768 (3d Cir. 2009) (holding on direct appeal that although the trial court erroneously failed to conduct an individualized assessment before determining that the defendant would be restrained during trial and that the shackles may have been visible during parts of the defendant's testimony, the defendant was not entitled to relief because the restraints did not contribute to the verdict or undermine his testimony), *cert. denied Brantley v. United States*, 558 U.S. 1133 (2010); *Sigmon v. Stirling*, No. 8:13-cv-01399-RBH, 2018 U.S. Dist. LEXIS 168699, at *67-69 (D.S.C. Sep. 30, 2018) (determining that the habeas petitioner's reliance on *Deck v. Missouri*, 544 U.S. 622 (2005), was misplaced insofar as *Deck* was a direct appeal issue as opposed to a procedurally defaulted ineffective assistance of counsel claim in which the petitioner had to, but failed to, show a reasonable probability that, but for counsel's failure to object to the stun belt, the result of the proceedings would have been different); *Harris v. Folino*, 208 F. Supp. 3d 658, 663 (E.D. Pa. 2016) (explaining that *Martinez* concerned errors by trial counsel, not errors by the trial court). Upon de novo review, this Court agrees that given the testimony presented at trial, Richardson was not prejudiced by counsel's ineffectiveness for

9
082119

failing to object to the use of the stun belt. *See Massina v. Mahally*, No. 16-2691, 2017 U.S. Dist. LEXIS 64893, at *18-19 (E.D. Pa. Apr. 27, 2017) (concluding that because of the strong evidence of guilt, the § 2254 petitioner was not prejudiced by trial counsel's failure to object to his wearing a stun belt), *adopted by* 2017 U.S. Dist. LEXIS 74894, at *1 (E.D. Pa. May 16, 2017).[9]

### C. There is no basis for the issuance of a certificate of appealability.

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons set forth herein and in the R&R, Richardson has not made a substantial

---

[9] Richardson argues that the Commonwealth's "case rested on the testimony of witnesses who gave inconsistent statements." *See* Objs. 18. However, having reviewed the trial transcripts, as well as the state court opinions finding, *inter alia*, that the weight of the evidence supported the verdict, this Court finds the evidence convincing. There were two eyewitnesses to the murder, one of whom positively identified Richardson as the shooter. Two other witnesses heard gunshots and saw two individuals fleeing from the area of the crime scene. One of these witnesses also positively identified Richardson. Although there were some inconsistencies in the witnesses' testimonies, the identifications were solid and the witnesses generally corroborated the testimony of the other witnesses.

showing of the denial of a constitutional right or that jurists of reason would find it debatable that the procedural rulings are correct, nor would jurists of reason find the Court's assessment of the claims debatable or wrong.

V.      **CONCLUSION**

After de novo review, Richardson's objections are overruled and the R&R is adopted in its entirety. The third claim for relief in the petition for writ of habeas corpus is denied on the merits, while the remaining habeas claims are dismissed as procedurally defaulted. *Martinez* does not excuse the procedural default on any claims because the failure to exhaust occurred during appellate review of the PCRA decision.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge